**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-11302
Summary Calendar
_____


JERRY R. HAM,

                                        Plaintiff-Appellant,

versus

MICHAEL B. WARD; ET AL.,

                                        Defendants,

MICHAEL B. WARD,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-3191-L
--------------------
July 5, 2000


Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Jerry R. Ham appeals the summary judgment in favor of

defendant Michael B. Ward regarding issuance of a search warrant.

He has failed to object to the district court's dismissal of his

claims against the United States and seven unknown defendants or

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to the summary judgment with respect to the search of Ham's home. These issues are therefore deemed abandoned. See Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).

Ham asserts that Ward's actions in seeking a search warrant were not objectively reasonable because the affidavit in support of the warrant did not provide probable cause to search any home on South Farm-to-Market Road 548 in Royse City, Texas. We "evaluate probable cause under a totality-of-the-circumstances test." Illinois v. Gates, 462 U.S. 213, 238 (1983). Under this standard, sufficient relevant information was included in the affidavit to provide a reasonably competent officer with a basis for concluding that a warrant should issue. See Hart v. O'Brien, 127 F.3d 424, 445 (5th Cir. 1997), cert. denied, 525 U.S. 1103 (1999).

Ham also contends that Ward's actions were objectively unreasonable because the physical description of the home provided in the affidavit was not that of McCurdy's but was actually Ham's residence. Ward contended that he had received the physical description from an officer of the Texas Department of Public Safety involved in the illegal gambling investigation and that he believed it was correct. There is no genuine issue of material fact regarding whether Ward had actually relied upon the other officer's description. See Hart, 127 F.3d at 445; Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). Ward was entitled to rely on such information. See United States v. Ventresca, 380 U.S. 102, 111 (1965).

Ham has failed to show that Ward's actions in seeking a search warrant were objectively unreasonable.  Consequently, the judgment is AFFIRMED.